UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| BRIAN L. GARRETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-2215-CSB |
| | ) | |
| BRITTANY GREENE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

<u>ORDER</u>

Before the Court is Petitioner Brian L. Garrett's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (#1) and Respondent's Motion to Dismiss (#10).  Because the

Court finds that Petitioner's Petition is untimely and equitable tolling does not apply, the Court

GRANTS Respondent's Motion to Dismiss (#10), DIMISSES Petitioner's Petition (#1) as

untimely, and DECLINES to issue a certificate of appealability.

**I. BACKGROUND[1]**

On June 6, 2009, Petitioner stabbed and killed Robert Wood and Ralph Esley outside

their residence in Iroquois County, Illinois.  Petitioner was subsequently charged with one count

of first degree murder and one count of second degree murder in the Circuit Court of Iroquois

County, Illinois, in case number 09CF86.  On January 27, 2012, Petitioner pleaded guilty to the

charges, which avoided a mandatory life sentence that would have applied had he been convicted

---

[1] The facts are taken from the undisputed facts in Respondent's Response (#10), which are consistent with the official records from Petitioner's state court proceedings, which Respondent attached to the response (#11).  *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").  The factual determinations of the state court are presumed to be correct, unless a petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

of the murder of two or more persons.  The trial court sentenced him to concurrent terms of 50 years for the first degree murder and 15 years for the second degree murder. The judgment was entered that same day—January 27, 2012. (#11-3 at 67).  Petitioner neither moved to withdraw his plea nor filed a notice of appeal.

Two years later, on June 13, 2014, Petitioner filed a postconviction petition in state court. The petition was dismissed at the first stage as frivolous and patently without merit.  Petitioner appealed.  While the appeal was pending, Petitioner filed a motion for leave to file a successive postconviction petition in 2016.  That motion was denied, and Petitioner appealed the denial. The appeals were then consolidated.  On May 26, 2017, the appellate court affirmed.

Another five years later, in 2019, Petitioner filed another motion for leave to file a successive postconviction petition.  Petitioner alleged that his sentence violated the Eighth Amendment because the trial court failed to consider Petitioner's intellectual disability at sentencing.  His motion relied on the Illinois Appellate Court decision *People v. Coty*, 2018 IL App (1st) 162383, which held that the Illinois constitution's proportionate penalties clause required characteristics of intellectual disability must be weighed at sentencing.  The circuit court denied the motion and Petitioner appealed.  On appeal, the appellate court affirmed, as *Coty* had been overturned by the Illinois Supreme Court and individuals with intellectual disabilities were not entitled to heightened sentencing protections under the Illinois constitution.  *People v. Garrett*, 2023 IL App (3d) 210305; (*citing People v. Coty*, 178 N.E.3d 1071 (Ill. 2020)). Petitioner's Petition for Leave to Appeal was denied on November 1, 2023.  (#11-7).

Petitioner filed this federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (#1) on September 16, 2024.  He alleges he is entitled to relief because:

(1) Petitioner's trial counsel was ineffective for failing to present a diminished mental capacity defense and use the availability of the defense to negotiate a better plea agreement;

(2) His *de facto* life sentence violates the Eighth Amendment because his diminished mental capacity was not considered;

(3) Petitioner's due process rights were violated by postconviction trial counsel when he failed to challenge the constitutionality of Petitioner's sentence;

(4) Petitioner's due process rights were violated by postconviction appellate counsel when he failed to challenge postconviction trial counsel's actions; and

(5) Petitioner was denied effective assistance of trial counsel because his counsel's actions resulted in an unconstitutional sentence.

Respondent filed a Motion to Dismiss (#10), arguing that Petitioner's claims are untimely. Petitioner filed a response (#14). After review, this Court ordered additional briefing based on Petitioner's arguments in his response that, read liberally, raised an argument for equitable tolling. Respondent filed his additional brief on June 16, 2025. This matter is now ripe for review.

## II. DISCUSSION

### A. Petitioner's Petition is Untimely.

A one-year statute of limitations applies to federal habeas petitions challenging state court convictions. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).  Under subsection (A), the relevant "judgment" is the date on which

the conviction and sentence are final.  *See Burton v. Stewart*, 549 U.S. 147, 156–57 (2007).

However, the statute of limitations is tolled during the pendency of a properly filed application

for state postconviction relief.  *See* 28 U.S.C. § 2244(d)(2).

Here, Petitioner's judgment was entered on January 27, 2012.  Petitioner's judgment

become final 30 days later, when his 30 day deadline to move to withdraw his guilty plea or file

an appeal expired.  *See* Ill. S. Ct. Rule 606(b) ("Except as provided in Rule 604(d) . . . , the

notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of

the final judgment appealed from or if a motion directed against the judgment is timely filed,

within 30 days after the entry of the order disposing of the motion.").  Accordingly, the one-year

deadline began to run in February 26, 2012, and expired one year later on February 22, 2013.

Moreover, Petitioner's state postconviction petition did not serve to toll the deadline under

§ 2244(d)(2), as the one-year deadline had already passed by the time he filed his first state

postconviction petition in 2014.  Therefore, the Court finds his § 2254 Petition filed in

September 2024, was filed over a decade late.

Petitioner's grounds for relief are not timely under any other statutory provision either.

Petitioner does not allege any State-created impediment to filing nor any newly recognized and

retroactive constitutional right.  *See* 28 U.S.C. § 2244(d)(1)(B), (C).  Nor does Petitioner rely on

any new evidence that could conceivably make his claims timely under § 2244(d)(1)(D).

Accordingly, the Court finds that Petitioner's Petition is untimely.

**B. Equitable Tolling Does Not Apply.**

Petitioner's response to Respondent's Motion to Dismiss, read liberally, presents an

argument that his intellectual disabilities entitle him to equitable tolling of the statute of

limitations. The Supreme Court has held equitable tolling is only available if the petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. Diguglielmo,* 544 U.S. 408, 418 (2005). The petitioner seeking the tolling has the burden of demonstrating both elements of the *Holland* test. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citing *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008)). And, if either element is not met, the petitioner is not entitled to equitable tolling. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755–56 (2016). "Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter*, 840 F.3d at 870 (quotation marks omitted).

The Seventh Circuit has held that mental incompetence can qualify as an exceptional circumstance sufficient to satisfy the *Holland* tolling standard, but has not articulated a legal standard for *how* mentally incompetent a petitioner must be before tolling is warranted. *Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014). However, "[i]t is improper to leap from one IQ test to a conclusion that a particular person is unable to understand and protect his own legal interests." *Id*. The Seventh Circuit has rejected the proposition that "anyone whose [mental] shortcomings play a causal role in a delayed filing is entitled to tolling." *Davis,* 747 F.3d at 499. In *Davis,* the Seventh Circuit further explained that considering that "a deficit of legal or medical knowledge that causes an untimely filing does not justify tolling . . . "a general inability to cope with matters legal" could not be enough. *Id.* Rather*,* "[s]omething more than but-for causation is essential." *Id*. Moreover, "mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht v. Foster*, 727 F.3d 744, 750-51 (7th Cir. 2013).

In his response, Petitioner states that he is seriously mentally impaired and that he cannot read, write, has no education, has no legal understanding, and has a serious mental deficiency. (#14 at 1). Petitioner argues he suffers from acute psychological disorders that have "crippled his ability to understand what was happening to him way back in the starting phase of this prosecution." *Id.* at 2. Petitioner states that he "is incapable of understanding the written English language and has zero understanding of law or its particular process." *Id.* at 3. His response includes an affidavit from Willie Orr, a fellow prisoner who assisted Petitioner with his filings. *Id.* at 6. The affidavit states that Petitioner came to Orr in July 2024 to seek help with filing a § 2254 Petition and told Orr that he did not know to read and write "that good." *Id.*

While these allegations lack the detail needed to find exceptional circumstances, the lack of details alone might simply call for an evidentiary hearing. *See Lairy v. United States*, No. 23-2957, 2025 WL 1860310, at *8 (7th Cir. July 7, 2025) (remanding for an evidentiary hearing to address the missing details where a petitioner sought equitable tolling because he claimed he was in lockdown for the majority of the one-year filing period and after without access to the library and also did not have his case file); *Davis,* 747 F.3d at 499–500 (holding an evidentiary hearing and/or additional briefing needed where there was insufficient information in the record to determine the Petitioner's mental capabilities and whether they impacted on his ability to timely file his habeas petition). However, the Seventh Circuit has found that an evidentiary hearing is not needed where a petitioner only makes conclusory allegations that he is " 'intellectually disabled' " and "'functionally illiterate,' " without support for the argument or further development of the argument. *Boulb v. United States*, 818 F.3d 334, 340 (7th Cir. 2016).

Here, the Court finds that not only has Petitioner failed to include any support for his claims, but also that the state court record refutes Petitioner's current claims regarding his history

of mental incompetence.  First, as detailed in Respondent's reply (#21 at 2–5), Petitioner was restored to competence and assisted in his defense before pleading guilty.  Initially, in September 2009, a court appointed psychiatric expert found Petitioner incompetent (in Illinois, "unfit") to stand trial.  (#11-2 at C68-71).  Accordingly, the circuit court ordered Petitioner to be placed in the care and custody of the Illinois Department of Human Services ("DHS") and DHS was directed to provide periodic fitness reports.  *Id*. at C74.  Between December 2009 and January 2011, DHS continued to find Petitioner unfit to stand trial and diagnosed him with varying iterations of psychotic disorder; history of ADHD; history of cocaine and cannabis dependence; conduct disorder; depressive disorder; antisocial personality disorder; and borderline intellectual functioning.  *Id*. at C79, 88, 97-98, 108, 117.  The evaluations noted Petitioner's continued improvement over time and that Petitioner's symptoms had positively responded to medication. *Id*. at C115.  After treatment, Petitioner was found fit to stand trial in 2011.

After he was restored to fitness, Petitioner participated in his defense.  At his counsel's request, a court appointed psychiatric expert evaluated Petitioner in December 2011 to determine whether an insanity defense might be available.  (#11-3 at C164).  That expert noted that Petitioner's verbal IQ score of 60 fell in the "mild mental retardation range," but noted that Petitioner "has the cognitive ability, despite having mental retardation, of understanding cause-and-effect implications of his behavior and choices," and the "[s]tandardized assessment of competency criteria showed him to be able to understand and appreciate principle of legal accountability."  *Id*. at C164–C168.  Ultimately, the expert concluded that an insanity defense "would not be supported."  *Id*. at C172.  The trial record also showed that, once Petitioner was restored to fitness, he advocated for himself and showed an understanding of the proceedings. (#21 at 4).  Perhaps most notably, Petitioner spoke up when he did not understand portions of the

proceedings and explained to the court that he functioned on a third-grade level.  (#11-1 at R64).

In response, the court explained the concepts in simpler terms and ensured that petitioner

understood.  *Id*. at R64–65.

After pleading guilty, Petitioner filed several pro se filings.  Petitioner also pursued

multiple rounds of state postconviction review before filing his federal petition.  And, while

Petitioner claims he cannot read or write, the state court record contains various letters and

filings written by Petitioner, evidencing his clear ability to both read and write.  *See, e.g.*, #11-5

at 2, 5–10, 12, 94 (letters handwritten by Petitioner to court personnel in 2019 and 2021).

Moreover, while Petitioner claims to be illiterate in his response to Respondent's motion to

dismiss, the attached affidavit only states that Petitioner told the affiant he did "not know how to

read and write that good," (#14 at 6), not that he does not know how to read or write at all.  On

this record, the Court finds that Petitioner's conclusory allegations in his response brief are both

unsupported and largely refuted by the record.

Nonetheless, even if Petitioner could show that his mental incompetence qualified as an

exceptional circumstance, the record also shows that he was not diligently pursuing his rights.

Petitioner was able to pursue his rights in state court at least by June 2014, when he filed his first

postconviction petition.  He also filed successive postconviction motions in 2016 and 2019,

further showing his ability to understand the legal system sufficiently to pursue his rights.  *See*

*also Simer v. Varga*, No. 18-CV-2137-NJR, 2020 WL 65052, at *4 (S.D. Ill. Jan. 7, 2020)

(finding that the fact that Petitioner "was able to prepare various *pro se* [state court] applications

for relief in 2015 and 2018 suggests that he also had the ability to do so before his habeas

deadline expired in November 2014").  To the extent that Petitioner might argue that he

understood the state court filing requirements but not the federal, it does not help him show

exceptional circumstances.  Rather, a lack of awareness of the applicable habeas deadline is the type of "garden variety" hindrance that does not suffice to justify equitable tolling.  *Obriecht*, 727 F.3d at 749; *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) ("Lack of familiarity with the law ... is not a circumstance that justifies equitable tolling."); *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) (negligence and mistake in calculating filing deadline do not constitute extraordinary circumstances).  Accordingly, the Court finds that equitable tolling does not apply and that Petitioner's Petition must be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Should Petitioner wish to appeal this decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This will hold true only when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (1995).  Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct.  *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). Here, the Court does not find that reasonable jurists could disagree that Petitioner's claims untimely and that equitable tolling does not apply. Accordingly, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons above, the Court GRANTS Respondent's Motion to Dismiss (#10) and DISMISSES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 (#1) as untimely.  The Court DECLINES to issue a certificate of appealability.

The Clerk is DIRECTED to issue judgment in favor of Respondent.  This case is CLOSED.

Signed on this 4th day of August 2025.

/s/ Colin S. Bruce
Colin S. Bruce
United States District Judge